UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EVEREST NATIONAL INSURANCE COMPANY,<br><br>                 Plaintiff,<br><br>    v.<br><br>EMPLOYEES ON DEMAND AGENCY, INC.; COSTA FRUIT & PRODUCE CO.<br><br>                 Defendants. | Civil Action No. _____<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

## **INTRODUCTION**

This is an action for relief under the Federal Declaratory Judgment Act, 28 U.S.C.A § 2201 et seq., to determine the parties' rights, obligations, and liabilities under certain Commercial General Liability Policies issued to Employees on Demand Agency, Inc. ("EDA") by Everest National Insurance Company ("Everest"). In this Complaint, Everest seeks a declaration that the Policies do not obligate Everest to defend or indemnify EDA and Costa Fruit & Produce Co. ("Costa") with respect to claims and third-party claims brought in a lawsuit (the "Underlying Action") initiated by Ader Hernandez -- an EDA employee who was injured while performing work at Costa's facility in Charlestown, MA.

## **PARTIES**

1.  Everest is an insurance company, incorporated in Delaware, with its principal place of business in Liberty Corner, NJ. It issued Primary Policy No. 91ML001283-191 [eff. 12-1-2019 to 12-1-2020] (the "Primary Policy") and Umbrella Policy No. 91CU001069-191[eff. 12-1-2019

to 12-1-2020] (the "Umbrella Policy") (collectively, the "Policies" or the "Everest Policies") to EDA.

2. EDA is an employee staffing agency, incorporated in Massachusetts, with its principal place of business in Chelsea, MA. It is seeking coverage under the Policies for certain third-party claims brought by Costa in the Underlying Action.

3. Costa is a produce distributer, incorporated in Massachusetts, with its principal place of business in Charlestown, MA. It is seeking coverage for certain claims brought against it by Mr. Hernandez in the Underlying Action.

## JURISDICTION AND VENUE

4. This court has subject matter jurisdiction under 28 U.S.C. § 1332, because this is an action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper under 28 U.S.C. § 1391 because both defendants are headquartered in this district and a substantial part of the events giving rise to this action occurred in this judicial district.

## BACKGROUND

6. On information and belief, EDA and Costa were parties to a Temporary Employment Services Agreement (the "Agreement"), under which EDA employees were leased to Costa on a temporary basis, for purposes of Costa's business.

7. EDA leased its employee, Mr. Hernandez, to Costa pursuant to the terms of the Agreement.

8. On or about February 22, 2020, Mr. Hernandez was allegedly injured at Costa's facility in Charlestown, Massachusetts.

9. On or around March 16, 2021, Mr. Hernandez initiated the Underlying Action by filing a Complaint against Costa.

10. In the Complaint, Mr. Hernandez says he was working at Costa's Charlestown facility when a powered industrial truck struck an unsecured storage rack and the rack fell on him, causing serious bodily injuries.

11. At the time of the accident, Mr. Hernandez was an employee of EDA, leased to Costa under the terms of the Agreement.

12. Mr. Hernandez's Complaint alleges that Costa's negligence caused his injuries.

13. In December 2020, Costa reported Mr. Hernandez's injuries to Everest, claiming it was an additional insured on the Primary Policy, and was entitled to coverage from Everest for any liability related to the injuries.

14. In May 2021, after the Complaint in the Underlying Action was filed, Costa's liability insurer tendered an additional insured claim to Everest on Costa's behalf.

15. In April 2022, Everest's third-party administrator (Sedgwick Claims Management, or "Sedgwick") advised Costa and its insurer that Everest had no duty to cover Costa with respect to the Underlying Action.

16. Separately, Sedgwick advised EDA that Everest had no duty to provide coverage to EDA for any contractual indemnity obligation that EDA may have to Costa related to Mr. Hernandez's injuries.

17. Costa has filed a Third-Party Complaint in the Underlying Action, seeking contractual indemnity from EDA.

18.    On October 18, 2022, EDA sent Sedgwick a letter purporting to be a demand under Mass. Gen. Laws Ch. 93A. and 176D, arguing that both EDA and Costa were entitled to coverage under the Primary Policy.

19.    On December 16, 2022, Sedgwick and Everest, through counsel, sent a letter to EDA's counsel reiterating that neither EDA nor Costa were entitled to coverage under the Primary Policy.

## The Everest Policies

**The Primary Policy**

20.    The Primary Policy contains an insuring agreement for bodily injury and property damage liability which provides, in part:

> 1. Insuring Agreement
>
>    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result…

21.    The Primary Policy defines "bodily injury" as: "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."

22.    The Primary Policy contains an endorsement entitled Additional Insured Designated Person Or Organization, form CG 20 26 04 13 (the "Additional Insured Endorsement"), which provides, in part:

> A. Section II — Who Is An Insured is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by your acts or omissions or the acts or omissions of those acting on your behalf:
>
>    1. In the performance of your ongoing operations; or

    2. In connection with your premises owned by or rented to you.

However:

    1. The insurance afforded to such additional insured only applies to the extent permitted by law; and

    2. If coverage provided to the additional insured is required by a contract or agreement, the insurance afforded to such additional insured will not be broader than that which you are required by the contract or agreement to provide for such additional insured.

23. The schedule of the Additional Insured Endorsement is filled in as follows: "Any person(s) or organization(s) who you are required by contract or agreement to name as additional insured (s) on this policy as per the terms of this endorsement."

24. The Primary Policy contains a Contractual Liability Exclusion, saying: "[t]his insurance does not apply to: '[b]odily injury' or 'property damage' for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement."

25. The Contractual Liability Exclusion has two exceptions. It "does not apply to liability for damages: (1) That the insured would have in the absence of the contract or agreement; or (2) Assumed in a contract or agreement that is an 'insured contract.'"

26. The Primary Policy contains an endorsement titled Amendment To Employer's Liability Exclusion, form ECG 21 810 03 17, which defines "insured contract", in relevant part, as:

    f. That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

    Paragraph f. does not include that part of any contract or agreement:

    (4) That indemnifies any person or organization for "bodily injury" to an "employee" of an insured or a contractor, subcontractor or "employee" of a contractor or subcontractor of an insured arising out of and in the course of employment by an insured.

27. Additionally, form ECG 21 810 03 17 adds an amended exclusion for Employer's Liability to the Primary Policy. The amended exclusion provides:

This insurance does not apply to:

e. Employer's Liability

"Bodily injury" to:

(1) An "employee" of an insured arising out of and in the course of:

(a) Employment by an insured; or

(b) Performing duties related to the conduct of the insured's business;

(2) Any contractor, subcontractor, or any "employee" of any contractor or subcontractor arising out of, or in the course of, the rendering or performing of services of any kind by such contractor, subcontractor or any "employee" of such contractor or subcontractor for or on behalf of an insured; or

(3) The spouse, child, parent, brother, sister, or other family member of that "employee" of an insured or contractor, subcontractor or "employee" of any contractor or subcontractor as a consequence of Paragraphs (1) or (2) above.

This exclusion applies whether an insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

**The Umbrella Policy**

28. The insuring agreement of the umbrella policy provides, in part:

1. INSURING AGREEMENT

a. We will pay on behalf of the "insured" those sums in excess of the "retained limit" that the "insured" becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies or because of "bodily injury" or "property damage" to which this insurance applies assumed by you under an "insured contract."

29. Section IV of the Umbrella Policy, "Who is an Insured" provides, in part:

The following persons and organizations are insured under this policy:

7. Any person or organization, other than the "named insured", included as an additional insured under "underlying insurance", but not for broader coverage than would be afforded by such "underlying insurance".

30. The Umbrella Policy contains an endorsement entitled Contractors Limitation, form EUM 22 576 05 16, which provides, in part:

> 2. Except insofar as coverage is available to the "Insured" in valid and collectible underlying insurance as listed in the schedule of "underlying insurance" for the full limit shown, and then only for such liability for which coverage is afforded under the "underlying insurance", this insurance shall not apply to:
>
>    a. Any liability assumed by the "insured" under any contract or agreement

## COUNT I – 
## DECLARATORY JUDGMENT AS TO PRIMARY POLICY (EDA)

31. Everest re-alleges and incorporates by reference paragraphs 1 through 30 as if fully set forth herein.

32. The Agreement does not qualify as "insured contract" as that term is defined by form ECG 21 810 03 17.

33. EDA's liability to Costa under the Agreement is excluded by the Primary Policy's Contractual Liability Exclusion.

34. Everest is entitled to a declaration that the terms of the Primary Policy do not obligate it to defend or indemnify EDA with respect to Costa's Third-Party Complaint in the Underlying Action.

35. There exists an actual and justiciable controversy between Everest and EDA as to these matters, as to which Everest has no adequate remedy at law.

## COUNT II – 
## DECLARATORY JUDGMENT AS TO PRIMARY POLICY (COSTA)

36. Everest re-alleges and incorporates by reference paragraphs 1 through 30 as if fully set forth herein.

37. Mr. Hernandez's Complaint in the Underlying Action does not allege that his injuries were caused in whole or in part, by [EDA's] acts or omissions or the acts or omissions of

those acting on [EDA's] behalf: 1) In the performance of [EDA's] ongoing operations; or 2) In connection with [EDA's] premises owned by or rented to [EDA].

38. Costa is not an additional insured on the Primary Policy with respect to the Underlying Action.

39. At the time of his alleged injury, Mr. Hernandez was an employee of EDA.

40. Because Mr. Hernandez was an employee of "an insured" at the time of his injury, coverage is precluded by the Primary Policy's Employer's Liability Exclusion.

41. Everest is entitled to a declaration that the terms of the Primary Policy do not obligate it to defend or indemnify Costa with respect to Mr. Hernandez's Complaint in the Underlying Action.

42. There exists an actual and justiciable controversy between Everest and Costa as to these matters, as to which Everest has no adequate remedy at law.

## COUNT III –
## DECLARATORY JUDGMENT AS TO UMBRELLA POLICY (EDA)

43. Everest re-alleges and incorporates by reference paragraphs 1 through 35 as if fully set forth herein.

44. Pursuant to the terms of the Contractors Limitation, there is no coverage under the Umbrella Policy for EDA's contractual liability unless that liability is also covered by the Primary Policy.

45. The Primary Policy does not cover EDA's contractual liability under the Agreement.

46. Everest is entitled to a declaration that the terms of the Umbrella Policy do not obligate it to defend or indemnify EDA with respect to Costa's Third-Party Complaint in the Underlying Action.

47.     There exists an actual and justiciable controversy between Everest and EDA as to these matters, as to which Everest has no adequate remedy at law.

## COUNT IV – DECLARATORY JUDGMENT AS TO UMBRELLA POLICY (COSTA)

48.     Everest re-alleges and incorporates by reference paragraphs 1 through 30 and 35 through 42 as if fully set forth herein.

49.     Costa's coverage under the Umbrella Policy as an additional insured cannot be broader than the coverage provided by the Primary Policy.

50.     Because Costa is not entitled to additional insured coverage under the Primary Policy, Everest is entitled to a declaration that the terms of the Umbrella Policy do not obligate it to defend or indemnify Costa with respect to Mr. Hernandez's Complaint in the Underlying Action.

## PRAYER FOR RELIEF

WHEREFORE, Everest prays for judgment as follows:

A.     That the Court declare that Everest has no duty under the Primary Policy to defend or indemnify EDA with respect to Costa's Third-Party Complaint in the Underlying Action.

B.     That the Court declare that Everest has no duty under the Primary Policy to defend or indemnify Costa with respect to Mr. Hernandez's Complaint in the Underlying Action.

C.     That the Court declare that Everest has no duty under the Umbrella Policy to defend or indemnify EDA with respect to Costa's Third-Party Complaint in the Underlying Action.

D.     That the Court declare that Everest has no duty under the Umbrella Policy to defend or indemnify Costa with respect to Mr. Hernandez's Complaint in the Underlying Action.

E.       That the Court order such other and further relief as is just and proper.

Respectfully submitted,

Plaintiff,
**EVEREST NATIONAL INSURANCE COMPANY**

By counsel,

 /s/ Eric B. Hermanson
 Eric B. Hermanson (BBO #560256)
 Austin D. Moody (BBO #704315)
 WHITE AND WILLIAMS LLP
 101 Arch Street, Suite 1930
 Boston MA  02110-1103
 Telephone: (617) 748-5200
 Fax: (617) 748-5201
 hermansone@whiteandwilliams.com
 moodya@whiteandwilliams.com

Dated: December 16, 2022